IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL EDWARD TRAVER,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **CIVIL ACTION 18-0012-TFM-C** |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

Plaintiff Michael Edward Traver, who is proceeding *pro se* and *in forma pauperis*,[1] filed an action, which was referred to the undersigned for appropriate action pursuant to United States District Judge Moorer's order (Doc. 10), 28 U.S.C. § 636(b)(1)(B), and S.D. Ala. GenLR 72(a)(2)(S).  Upon review of the Court's file in this action, it is recommended that this action be dismissed without prejudice for failure to prosecute and to obey that Court's Local Rules.

In reviewing the docket in this action, the undersigned finds that plaintiff has taken no action since January 16, 2018, when he filed his complaint (Doc. 1), motion to remove conviction based on new evidence (Doc. 2) ("motion"), and motion to proceed without prepayment of fees (Doc. 3).  In the complaint (Doc. 1) and motion (Doc. 2), plaintiff requested damages and his criminal cases be removed from the record.

---

[1] Because plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court is required to screen plaintiff's complaint and ultimately dismiss it if the Court determines that the complaint is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Plaintiff's complaint (Doc. 1) and motion (Doc. 2) contain only a typewritten signature for him and no physical or postal address. Thus, the only address that the Court has for plaintiff is an email address. (Doc. 2). Moreover, in his motion to proceed without prepayment of fees, plaintiff indicated in the space for an address that he was homeless. (Doc. 3 at 1). Twice, the Clerk's Office emailed plaintiff requesting him to come in and sign the consent form in order for him to receive notices from the Court by email. (Jan. 19, 2018 notation, between Docs. 2, 3). To date, plaintiff has not come in and signed the consent form or contacted the Court about signing the form. (*Id.*).

In examining the Court's entire docket, the Court discovered that plaintiff filed another civil action, *Traver v. FBI,* Civil Action No. 18-0020-KD-M (S.D Ala. 2018), which was dismissed without prejudice for plaintiff's failure to prosecute his action and obey the Court's Local Rules. In that action, the Court only had an email address for plaintiff, and he did not execute the Clerk's Office's consent form for him to receive emails. (Doc. 3).

In addition, the Court's docket reflects two criminal actions against plaintiff: *USA v. Traver,* Criminal No. 11-00196-CB-B (S.D. Ala. 2012),[2] in which he pled guilty to the offense of bank robbery and received a sentence of forty-six months to be served with the Bureau of Prisons, with mental health/drug treatment and located near his home in Indiana, and three years of supervised release with substance abuse/use and mental health treatment (Doc. 29, Jan. 11, 2012); and *USA v. Traver,* Criminal No. 18-00028-JB-N (S.D. Ala. 2018), in which he was charged with assault on a federal employee (probation officer) and, in a bench trial, was found not guilty by reason of

_____

[2] The Court takes judicial notice of its records. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

insanity.  (Doc. 33, Aug. 28, 2018).  Subsequently, he was transferred to a facility to determine if he would create a substantial risk of bodily injury to another or serious damage to the property of another.  Upon finding that he would not, the facility returned plaintiff to this Court, and he was released and unconditionally discharged by the Court on February 14, 2019.  (Doc. 36).

This Court's Local Rules governing persons proceeding without counsel require that "[a]ny person proceeding *pro se* must, . . . , keep the Clerk informed of his . . . current address and telephone number.  A *pro se* party must promptly notify the Clerk of any change of address or telephone number.  Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action[.]"  S.D. ALA. GENLR 83.5(b).  This Rule also provides that a *pro se* litigant is bound by the Court's Local Rules and the Federal Rules of Civil and Criminal Procedure.  S.D. ALA. GENLR 83.5(a); *see Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("once a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"), *cert. denied*, 493 U.S. 960 (1989).  Furthermore, a *pro se* litigant is required to personally sign each document filed and to include, beneath the signature, his typed or printed name, address, and telephone number.  S.D. ALA. GENLR 5(a)(4).

If a plaintiff's objective is to proceed with litigation against a defendant by filing a complaint, it is fundamental that the plaintiff provide the Court with his contact information, so the Court and a defendant can contact him and send documents to him.  By not responding to the Clerk's Office's request to sign its consent form[3] so he can use

---

[3] *Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama,* as authorized by S.D. GenLR 5(b)(1), provides that "[a]ny party not represented by an attorney must file conventionally unless specifically allowed by the Clerk's Office[,]" I(B)(4) at p.1, and "*pro se* filers may also register for electronic filing, subject to approval by the Clerk's Office in its discretion," III (B) at p.11.

his email address for notices and communication with the Court and defendant(s), and by not complying with the more specific requirements of the Local Rules requiring his address, phone number, and actual signature on his pleadings so he can otherwise conduct the litigation of the present lawsuit, plaintiff has elected not to proceed with the prosecution of his action.  Thus, the undersigned finds that plaintiff has abandoned the prosecution of his action.

Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962).  The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered an inherent power of the court.  *Id.* at 630, 82 S.Ct. at 1389; *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337–38 (11th Cir. 2005).  A court is vested with this power "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court."  *Equity Lifestyle Prop., Inc.*, 556 F.3d at 1240 (citation and internal quotation marks omitted).

Accordingly, it is recommended that this action be dismissed without prejudice for failure to prosecute and to obey the Local Rules.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

contained in a Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

        **DONE** and **ORDERED** this 28th day of February, 2019.


                                         /s/ WILLIAM E. CASSADY
                                        **UNITED STATES MAGISTRATE JUDGE**